NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIA NOZAK and CRISTOS THANOS, Lead Plaintiffs, | No. 19-55342 |
| Plaintiffs - Appellants, | D.C. No. 2:17-cv-01241-PSG-SS |
| v. | |
| NORTHERN DYNASTY MINERALS LTD.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted May 6, 2020[**]
Pasadena, California

Before: M. SMITH, OWENS, and BRESS, Circuit Judges.

Plaintiffs Stephania Nozak and Cristos Thanos appeal from the district

court's dismissal of Plaintiffs' claims for violations of Section 10(b) of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Securities Exchange Act (Exchange Act), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5; and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed Plaintiffs' securities fraud claims because Plaintiffs failed to allege a strong inference of scienter.[1] Under the Private Securities Litigation Reform Act (PSLRA), Plaintiffs alleging securities fraud must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A); *see also* Fed. R. Civ. P. 9(b) (requiring Plaintiffs to "state with particularity the circumstances constituting fraud"). Plaintiffs raise several theories to support a strong inference of scienter, but each of them, even when viewed together, is insufficient to create a cogent and compelling inference of scienter. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007) ("[T]he court's job is not to scrutinize each allegation in isolation but to assess all the allegations holistically."); *see also id.* at 324 ("A complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference

---

[1] Because Plaintiffs failed to adequately plead a violation of Section 10(b), the district court correctly dismissed Plaintiffs' Section 20(a) control liability claim summarily. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

one could draw from the facts alleged.").

Plaintiffs rely on confidential source statements within a third-party short-sale report (the Kerrisdale Report) to support the inference that Northern Dynasty Minerals (NDM); its Chief Executive Officer, Ronald Thiessen; and its Chief Financial Officer, Marchand Snyman (collectively, Defendants) knew they falsely stated the reasons for Anglo American plc's (Anglo) departure from the Pebble Project. However, there is no indication that the unnamed sources are reliable or have any personal knowledge of Defendants' state of mind, as Plaintiffs provide little to no detail regarding the positions the sources held, whether the sources worked at NDM, or whether the sources interacted with NDM personnel. *See Zucco*, 552 F.3d at 995. Additionally, the confidential sources' statements fall short of showing that NDM knew its announcement regarding Anglo's departure was false or misleading, and therefore, the statements are not "themselves . . . indicative of scienter." *Id.*

Plaintiffs argue that NDM's report responding to the Kerrisdale Report (the Rebuttal Report) corroborates allegations in the Kerrisdale Report and contradicts Thiessen's statement that "this is not about Pebble, it is about Anglo." However, the Rebuttal Report only shows that NDM was aware of a preliminary thirteen-billion-dollar capital estimate, which falls short of providing a compelling inference of scienter. Plaintiffs also point to Anglo's Chief Executive Officer's

3

statement that Anglo's decision to leave a "major project . . . was an economic one and not associated with environmental or social issues." This statement is far too vague to support a strong inference of scienter.

Furthermore, Plaintiffs cannot rely on Defendants' desire to attract investment because "to hold otherwise would support a finding of scienter for any company that seeks to enhance its business prospects." *Inter-Local Pension Fund GCC/IBT v. Deleage (In re Rigel Pharm., Inc. Sec. Litig.)*, 697 F.3d 869, 884 (9th Cir. 2012).

Finally, Plaintiffs' reliance on the core operations theory and corporate scienter doctrine is unavailing. The core operations theory cannot support a strong inference of scienter because Plaintiffs have not provided "detailed and specific allegations about management's exposure to factual information within the company." *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 785 (9th Cir. 2008). Rather, Plaintiffs have only alleged "corporate management's general awareness of the day-to-day workings of the company's business," which this court has held generally does not establish scienter. *Id.* at 784–85 (internal quotation marks and citation omitted). Moreover, Plaintiffs have not sufficiently alleged that Defendants knew about the basis for Anglo's business decision. Finally, even putting aside that this court has not adopted the corporate scienter doctrine, Plaintiffs have not alleged a "dramatic[]" falsehood that would warrant its

4

application.  *See Cohen v. NVIDIA Corp. (In re NVIDIA Corp. Sec. Litig.)*, 768

F.3d 1046, 1063 (9th Cir. 2014).

**AFFIRMED.**